IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANN ENGLISH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-05-58 |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
|     Defendant. | § | |
| | § | |

**OPINION AND ORDER**

BE IT REMEMBERED, that on May 11, 2005, the Court **DENIED** Plaintiff's Motion for Remand [Dkt. No. 8].

**I. Introduction and Background**

Plaintiff Ann English filed suit against Defendant Home Depot in the 357th District Court of Cameron County, Texas, on January 21, 2005. Plaintiff asserts claims of negligence and gross negligence and alleges she was injured when a large vinyl roll, which was improperly stacked, fell on her foot while she was shopping on Defendant's premises. On February 22, 2005, Defendant filed a timely notice of removal under 28 U.S.C. § 1446(b), alleging diversity jurisdiction exists because Plaintiff is a citizen of Texas and Defendant is incorporated in Delaware with its principle place of business in Georgia, and the amount in controversy exceeds the requisite $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff filed her motion for remand on March 16, 2005, in which she argues the amount in controversy does not exceed $75,000. Additionally, Plaintiff asserts that she did not request a monetary amount of damages in her original state petition, but rather only sought damages "in excess of the minimum jurisdictional limits of this Court." Motion for Remand, at p. 1. With her motion for remand, Plaintiff filed a post-removal stipulation of damages, in which she attests that she seeks damages in an amount less than the "minimal jurisdictional limits of this court," and thus her damages do not exceed $75,000. Defendant argues in its response to Plaintiff's motion

1

for remand that the original petition unambiguously states that Plaintiff seeks an amount "not less than $100,000," for damages including health care expenses, past, present, and future pain and suffering, and loss of earning capacity, among other damages.  Def's Response, at p. 1.

## II.  Law on Removal and Remand

Pursuant to 28 U.S.C. § 1441(a), any civil action filed in state court over which a federal district court has original jurisdiction may be removed. *Id.* Original jurisdiction most commonly exists if both the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, 28 U.S.C. § 1332, or the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Because the Court construes the removal statute in favor of remand, ambiguities are resolved against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, the removing party bears the burden of establishing the propriety of federal jurisdiction.  *De Aguilar v. Boeing Co.*,  47 F.3d 1404, 1408 (5th Cir. 1995); *see also H & D Tire & Auto-Hardware, Inc. v. Pitney Bowes Credit Corp.*, 227 F.3d 326, 328 & n.2 (5th Cir. 2000).
The "state court complaint as it exists at the time of removal" determines the propriety of removal.  *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also St. Paul Rein. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gebbia*, 233 F.3d at 883 ("The jurisdictional facts that support removal must be judged at the time of the removal.").

A party opposing removal may file a motion to remand pursuant to 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  The Court may remand the case for lack of subject matter jurisdiction at any time before final judgment if it appears jurisdiction is lacking.  *See id.* Thus, a plaintiff's motion to remand for lack of subject matter jurisdiction may be made at any time before final judgment.  *See id.*

### III. Analysis

The Texas Rules of Civil Procedure prohibit a plaintiff from alleging a specific monetary amount in damages. *See* Tex. R. Civ. P. 47(b). Despite this prohibition, Plaintiff nevertheless prays for judgment against the Defendant in "an amount not less than $100,000." Pl's Original Petition, ¶ 12(a). Generally, when the jurisdictional amount is not pled in the complaint, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The removing party may demonstrate removal is proper by showing it is "facially apparent" that the requisite amount in controversy is met, or by setting forth facts supporting a finding of the requisite amount. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1998).

In this case, Defendant removed because the jurisdictional amount was facially apparent. Plaintiff's post-removal stipulation to damages, filed in an effort to support remand, fails to divest this Court of jurisdiction because the jurisdictional facts supporting removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted). Stated differently, "'[o]nce federal jurisdiction attaches, a binding stipulation . . . on the amount in controversy does not divest the court of jurisdiction.'" *Diaz v. EZ Serve Convenience Stores, Inc.*, 1998 WL 101693, at * 1 (E.D. La. 1998) (holding proposed post-removal stipulation has no effect on federal jurisdiction) (quoting *Monteville v. M/V Enchanted Seas*, 1996 WL 187432, at *2 (E.D. La. Apr. 16, 1996) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Fairchild v. State Farm Mut. Auto. Ins.*, 907 F.Supp. 969, 971 (M.D. La. 1995); *Frisard v. BellSouth Telecommunications*, 898 F.Supp. 369, 370 (E.D. La. 1995)).

Even in those circumstances where a plaintiff's petition does not contain a request for a specific monetary amount of damages, a post-removal affidavit or stipulation is considered only to clarify an ambiguous petition, rather than lower the original amount in controversy. *Cross v. Bell Helmets, USA*, 927 F.Supp.2d 209, 214 (E.D. Tex. 1996) (remanding after

3

allowing Plaintiff to file damage stipulation before district court had ruled on whether it possessed jurisdiction where the stipulation clarified the damage amount and did not amend the original petition filed in state court); *Moore v. Toyota Motor Corp.*, 64 F.Supp.2d 612, 614 (N.D. Miss. 1999). *C.f. Rodrigue v. Tetra Technologies, Inc.*, 2000 WL 1610625, at * 4 (E.D. La. Oct. 26, 2000) (holding Plaintiff's post-removal stipulation to damages was not effective when a pre-removal letter from Plaintiff's attorney detailed injuries and damages exceeding the jurisdictional amount).

### IV. Conclusion

Plaintiff seeks monetary damages for an allegedly serious injury to her ankle resulting when stacked merchandise at Home Depot fell on her foot while she was shopping. Because Plaintiff included a specific request for monetary damages in an amount not less than $100,000, Plaintiff's attempt to deprive this Court of jurisdiction through a post-removal stipulation must fail. Defendant has successfully met its removal burden pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The Court, therefore, **DENIES** Plaintiff's Motion for Remand [Dkt. No. 8].

DONE at Brownsville, Texas, this 11th day of May, 2005.

_____
Hilda G. Tagle
United States District Judge